1
2
3
4
5
6
7
8
9              **UNITED STATES DISTRICT COURT**
10           **FOR THE EASTERN DISTRICT OF CALIFORNIA**
11
| | |
|---|---|
| GRACIELA JACOBO, an individual; | Case No. _____ |
| Plaintiff, | |
| v. | **DECLARATON OF DAVID C. SILVER** |
| JOHN DOE, an individual; | |
| Defendant. | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF DAVID C. SILVER

Pursuant to 28 U.S.C. § 1746, I, DAVID C. SILVER, declare the following:

1. My name is David C. Silver. I am over eighteen (18) years of age, and I make this Declaration based upon my personal knowledge and review of the relevant documents.

2. I am an attorney currently representing Plaintiff GRACIELA JACOBO ("Plaintiff") in the above-captioned lawsuit.

3. This affidavit is made in support of Plaintiff's Motion for Temporary Restraining Order Without Notice against Defendant JOHN DOE (the "Motion").

4. I have reviewed the Motion as well as the documents referenced therein. I have also reviewed, and am familiar with, the Complaint filed in this action.

5. Fed.R.Civ.P. 65(b)(1)(B) requires that counsel for a party moving for entry of a Temporary Restraining Order (TRO) without notice to the adverse party must certify in writing "any efforts made to give notice and the reasons why it should not be required." In her Motion, Plaintiff has requested the Court issue a TRO without notice to JOHN DOE.

6. JOHN DOE's proper legal name is unknown at this point, and only through expedited discovery to the cryptocurrency exchanges at which the Destination Addresses identified in the Complaint and Motion are/were maintained might Plaintiff be able to uncover JOHN DOE's name and a location -- either physical or electronic -- at which he can be apprised of the charges brought against him in this lawsuit so he may defend himself against those charges, if he so chooses.

7. If Plaintiff is compelled to wait until after discovery commences, after the cryptocurrency exchanges (even acting on an expedited schedule) provide information and documents identifying JOHN DOE and providing his contact information, and after Plaintiff has been afforded a reasonable opportunity to send written notice to JOHN DOE addressing the charges in this action, several weeks will have passed; and it is highly likely if not a near-certainty that the assets stolen from Plaintiff will have been dissipated by JOHN DOE and will have been placed beyond reach of recovery.

8. In short, granting the TRO without notice to JOHN DOE is the only way the equitable relief provided in such an Order would be effective.

FURTHER DECLARANT SAYETH NAUGHT.

**VERIFICATION**

I, DAVID C. SILVER, hereby verify and declare under penalty of perjury that I have read the foregoing declaration and know the contents thereof, and that the matters contained in the declaration are true to my own knowledge.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

                                          */s/ David C. Silver*
                                            DAVID C. SILVER

DATED this __2nd__ day of June 2022.