UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA JACOBO , | NO. 1:22−CV−00672−DAD−BAK |
| Plaintiff, | ORDER SETTING MANDATORY SCHEDULING CONFERENCE |
| vs. | DATE: September 1, 2022 |
| JOHN DOE , | TIME: 09:30 AM |
| Defendants. | BAKERSFIELD MAGISTRATE JUDGE |

Rule 16, F.R.Civ.P., requires the Court to enter a Scheduling Conference Order within 90 days of the date of the Complaint being served upon the defendant.  Therefore, it is ordered that you appear for a formal Scheduling Conference before the newly appointed Bakersfield Magistrate Judge or the temporary magistrate judge, if a new judge has not been appointed at the time of the hearing.  The Scheduling Conference will be held at the United States Courthouse, 510 19th Street, Bakersfield, CA 93301.

The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint.  Accordingly, plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims.  Plaintiff(s) shall promptly file proofs of service of the summons and complaint so the Court has a record of service.  Counsel are referred to F.R.Civ.P., Rule 4 regarding the requirement of timely service of the complaint  Failure to timely serve the summons and complaint may result in the imposition of sanctions, including the dismissal of unserved defendants.

1    Due to the mandates of Rule 16, this Order may be served upon counsel for the plaintiff(s) before

2 appearances of defendant(s) are due.  It is the obligation of counsel for the plaintiff(s) to serve a copy of this

3 Order on the defendant(s), or, if identified, on their counsel, **promptly** upon receipt of this Order, and to

4 file an appropriate proof of such service with the Court, in compliance with Rule 135(a) of the Local Rules

5 of Practice for the Eastern District of California.

6    Attendance at the Scheduling Conference is *mandatory* upon each party not represented by counsel or,

7 alternatively, by retained counsel.  Only counsel who are thoroughly familiar with the facts and the law of the

8 instant case, and who have full authority to bind his or her client, shall appear.  Trial counsel should participate

9 in this Scheduling Conference whenever possible.  It may be necessary for counsel to spend as much as

10 45 minutes in this Conference.

11    A Joint Scheduling Report, carefully prepared and executed by all counsel, shall be electronically filed

12 in CM/ECF, one (1) full week prior to the Scheduling Conference, and shall be e−mailed, in Word format, to

13 **bakorders@caed.uscourts.gov**.

14    For reference purposes, the Court requires that counsels' Joint Scheduling Report indicate the date,

15 time, and chambers of the Scheduling Conference opposite the caption on the first page of the Report.

16    Among other things, counsel will be expected to discuss the possibility of settlement. Counsel are to

17 thoroughly discuss settlement with each other before undertaking the preparation of the Joint Scheduling

18 Report and engaging in extensive discovery.  However, even if settlement negotiations are progressing,

19 counsel are expected to comply with the requirements of this Order unless otherwise excused by the Court.

20 If the case is settled, please **promptly** inform the Court, and counsels' presence, as well as the Joint

21 Scheduling Report, will not be required.

22    **Counsel may request that their attendance be by telephonic conference.**  Counsel may appear

23 by teleconference by dialing (877) 402−9757 and entering Access Code 6966236, provided they lodge an

24 intent to appear telephonically by email to SHall@caed.uscourts.gov at least five days before the hearing.

25    At least twenty (20) days prior to the Mandatory Scheduling Conference, the actual trial counsel for

26 all parties shall conduct and conclude a conference at a time and place arranged by counsel for the plaintiff(s).

27 This conference should preferably be a personal conference between all counsel but, due to the distances

28 /////

involved in this District, a telephonic conference call involving all counsel is permissible. The Joint Scheduling Report Shall respond to the following items by corresponding numbered paragraphs:

**Form and Contents of the Joint Scheduling Report**

1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

2. If a party intends to seek amendment of a pleading, the parties shall discuss the proposed amendment and include the results of the discussion in the Scheduling Conference Report.

3. A summary detailing the uncontested and contested facts.

4. A summary of the legal issues as to which there is no dispute, i.e., jurisdiction, venue, applicable federal or state law, etc., as well as a summary of the disputed legal issues.

5. The status of all matters which are presently set before the Court, i.e., hearing all motions, etc.

6. A complete and detailed discovery plan addressing the following:

   (a) A date for the exchange of initial disclosures required by Fed.R.Civ.P. 26(a)(1) or a statement that disclosures have already been exchanged;

   (b) A firm cut−off date for non−expert discovery;

   (c) A firm date(s) for disclosure of expert witnesses as required by Fed.R.Civ.P. 26(a)(2);

   (d) A firm cut−off date for expert witness discovery;

   (e) Any proposed changes in the limits on discovery imposed by Fed.R.Civ.P. 26(b); 30(a)(2)(A), (B) or (C); 30(d); or 33(a);

   (f) Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;

   (g) Any issues or proposals relating to the timing; sequencing, phasing or scheduling of discovery;

   (h) Whether the parties anticipate the need to take discovery outside the United States and if so a description of the proposed discovery;

   (i) Whether any party anticipates video and/or sound recording of depositions;

   (j) A proposed date for a Mid−Discovery Status Report and Conference;

/////

7. Discovery relating to Electronic, Digital and/or Magnetic data.

Prior to a Fed.R.Civ.P. 26(f) conference, counsel should carefully investigate their client's information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved. Likewise, counsel shall reasonably review the client's computer files to ascertain the contents thereof; including archival and legacy data (outdated formats or media), and disclose in initial discovery (self–executing routine discovery) the computer based evidence which may be used to support which may be used to support claims or defenses.

(A) Duty to Notify. A party seeking discovery of computer–based information shall notify the opposing party immediately, but no later than the Fed.R.Civ.P. 26(f) conference of that fact and identify as clearly as possible the categories of information which may be sought.

(B) Duty to Meet and Confer. The parties shall meet and confer regarding the following matters during the Fed.R.Civ.P. 26(f) conference:

(i) <u>Computer–based information (in general)</u>. Counsel shall attempt to agree on steps the parties will take to segregate and preserve computer–based information in order to avoid accusations of spoilation;

(ii) <u>E–mail information</u>. Counsel shall attempt to agree as to the scope of e–mail discovery and attempt to agree upon an e–mail search protocol. This should include an agreement regarding inadvertent production of privileged e–mail messages;

(iii) <u>Deleted information</u>. Counsel shall confer and attempt to agree whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration; and

(iv) <u>Back–up data</u>. Counsel shall attempt to agree whether or not back-up data may be necessary, the extent to which backup data is needed and who will bear the cost of obtaining back–up data.

The Joint Scheduling Report Shall summarize the parties conference relating to discovery of electronic data.

8. Dates agreed to by all counsel for:

(a) Filing non–dispositive[1] and dispositive[2] pre–trial motions with the understanding that motions (except motions in *limine* or other trial motions) will not be entertained after the agreed upon date.

/////

---

[1] Motions to compel discovery, amend, remand, etc.
[2] Motions for summary adjudication or to dismiss, strike, etc.

(b) Pre–Trial Conference date. (Eight weeks after the hearing on the dispositive motion.)

(c) Trial date. (Eight weeks after the pretrial hearing.)

(d) In the event all parties consent to Magistrate Jurisdiction, the periods between the filing of the dispositive motion and the hearing date, between the hearing on the dispositive motion and the pretrial conference and between the pretrial conference and the trial, can be reduced to, four weeks, six weeks, and six weeks, respectively. Counsel must allow four weeks between the filing of a non–dispositive motion and the hearing on the motion and eight weeks between the filing of the dispositive motion and the hearing on that motion. All of these dates should be considered firm dates and should be set to allow the court to decide any matters under submission before the Pre–Trial Conference is set.

9. At the conference referred to above, counsel are encouraged to discuss settlement, and the Court will expect a statement in the Joint Scheduling Report as to the possibility of settlement. Counsel shall indicate when they feel a settlement conference is desired, i.e., before further discovery, after discovery, after pre–trial motions, etc.

10. A statement as to whether the case is a jury or non–jury case. If the parties disagree as to whether a jury trial has been timely demanded or whether one is available on some or all of the claims, the statement shall include a summary of each party's position.

11. An estimate of the number of trial days required. When counsel cannot agree, each party shall give his or her best estimate. In estimating the number of trial days, counsel should keep in mind that this court is normally able to devote the entire day to trial.

12. Because the District Judges' dockets are extremely crowded dockets, the parties should consider and address the issue of whether they are willing to consent to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. section 636(c). All non–dispositive motions are routinely heard by the Magistrate Judge whether or not the parties consent.

13. Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre–trial motions or trial.

14. Whether this matter is related to any matter pending in this court or any other court, including any bankruptcy court.

/////

15. Joint Scheduling Reports are to be e−mailed, in Word format, to **bakorders@caed.uscourts.gov**.

16. The parties shall jointly complete and file along with the Joint Scheduling Report a "Scheduling Conference Worksheet" on the form attached to this Order.  The form shall be completed in full and consistently with the information in the Joint Scheduling Report and take into account all dates and intervals reflected therein.

**SHOULD COUNSEL OR A PARTY APPEARING *PRO SE* FAIL TO APPEAR AT THE MANDATORY SCHEDULING CONFERENCE, OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH ABOVE, AN <u>EX PARTE</u> HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY BE ENTERED, OR SANCTIONS, INCLUDING CONTEMPT OF COURT, MAY BE IMPOSED AND/OR ORDERED.**

DATED:   June 3, 2022               /s/ Bakersfield MJ
                                    United States Magistrate Judge