1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

GRACIELA JACOBO, an individual;

     Plaintiff,

v.

JOHN DOE, an individual;

     Defendant.

Case No. 1:22-cv-00672-DAD-BAK

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

     This matter is before the Court on Plaintiff's Motion for Expedited Discovery (the "Motion"). [Docket Entry No. ("Doc. No.") _____ ].  In her Motion, Plaintiffs requests entry of an Order permitting Plaintiff to engage in expedited discovery from any relevant third-parties, including but not limited to the Recipient Cryptocurrency Exchanges (defined below), to enable Plaintiff to secure documents and information pertaining to Defendant JOHN DOE, an individual ("JOHN DOE") -- who is alleged to have possessed and/or stolen from Plaintiff millions of dollars worth of cryptocurrency belonging to Plaintiff -- on the issues raised by Plaintiff in her Complaint[1] and with regard to possibly extending into a preliminary or permanent injunction the June 7, 2022 Temporary Restraining Order (TRO) entered by the Court *without* notice against JOHN DOE[2]; and the Court having considered the moving papers, having heard argument of counsel; and having been otherwise duly advised in the circumstances surrounding the motion; and for good cause shown; it is

---

[1] Docket Entry No. ("DE") 1.

[2] DE 6.

**ORDERED AND ADJUDGED** as follows:

(1)     The Motion for Expedited Discovery [DE ___] is hereby **GRANTED**.

(2)     Plaintiff has demonstrated good cause to expedite discovery pertaining to identifying Defendant JOHN DOE.  The discovery demands proposed by Plaintiff are narrowly drawn and, in consideration of the administration of justice, outweigh any prejudice that might be felt by the responding party(ies).

(3)     Within ten (10) days of being served with a subpoena pursuant to this Order, each Recipient Cryptocurrency Exchange identified below:

| Exchange | Destination Address | Asset Type | Funds under claim (average confirmed with five tracing methodologies; stated in cryptocurrency unit) |
|---|---|---|---|
| **Binance** | 43ecaea7f78fe65f83646a864b2c73349793ddfe | USDT | 45,730.26604 |
| **Binance** | 5cccacf95cd5df55d95e3864af4551de094784c2 | USDT | 222,583.588 |
| **Binance** | 8f44af4f841ffd7db201e81f8deb66e6eea99c06 | USDT | 45,543.36493 |
| **Binance** | bff9f1d0d9156feb7b3182102d4ac226b9c2c44c | USDT | 95,118.95336 |
| **Binance** | c7e185922f923c438fc29b92309153816ba17498 | USDT | 4,082.182561 |
| | | TOTAL | **413,058.3549 USDT** |

| Exchange | Destination Address | Asset Type | Funds under claim (average confirmed with five tracing methodologies; stated in cryptocurrency unit) |
|---|---|---|---|
| **FTX** | 456fc7ea0b17b51e08a861af94e13f1dceba1db9 | USDT | 83,856.95211 |
| | | TOTAL | **83,856.95211 USDT** |

| Exchange | Destination Address | Asset Type | Funds under claim (average confirmed with five tracing methodologies; stated in cryptocurrency unit) |
|---|---|---|---|
| **OKX (OKEx)** | 64452a2f3af318d86d947ba33beadfe39456ed3a | USDT | 272,540.4773 |

| Exchange | Destination Address | Asset Type | Funds under claim (average confirmed with five tracing methodologies; stated in cryptocurrency unit) |
|---|---|---|---|
|  |  | TOTAL | **272,540.4773 USDT** |

| Exchange | Destination Address | Asset Type | Funds under claim (average confirmed with five tracing methodologies; stated in cryptocurrency unit) |
|---|---|---|---|
| **Poloniex** | ee861cfb2a34eb5e73ccd92fce9e4b3b6a37a2db | USDT | 72,386.28453 |
|  |  | TOTAL | **72,386.28453 USDT** |

| Exchange | Destination Address | Asset Type | Funds under claim (average confirmed with five tracing methodologies; stated in cryptocurrency unit) |
|---|---|---|---|
| **TokenIon** | 8d90113a1e286a5ab3e496fbd1853f265e5913c6 | USDT | 230,153.7314 |
|  |  | TOTAL | **230,153.7314 USDT** |

| Exchange | Destination Address | Asset Type | Funds under claim (average confirmed with five tracing methodologies; stated in cryptocurrency unit) |
|---|---|---|---|
| **gate.io** | 29084a44f69510471e41a91f37ee59c088e71804 | USDT | 46,782.12103 |
|  |  | TOTAL | **46,782.12103 USDT** |

shall produce to Plaintiff the following documents for all accounts bearing the signatory authority of, in the name of, and/or in the name of any individual or entity believed to be controlled by or acting in concert with JOHN DOE from January 1, 2019 through the present date:

    (a)    All documents regarding, reflecting, recording, or memorializing account opening and closing, including JOHN DOE's actual legal name, all proofs of identification (such as government-issued photo ID), date of birth, Social Security Number, telephone number, electronic mail address, residential/mailing address, and Know Your Customer ("KYC") and Anti-

Money Laundering ("AML") information compiled by <<YOUR EXCHANGE>>.

(b) All documents regarding, reflecting, recording, or memorializing transactions, funding, registered funding sources (i.e., bank accounts or other sources of funding tied to JOHN DOE's account[s]), and account holdings, including but not limited to transactions into or out of the following wallet address: _____ (the "Wallet Address").

(c) All transactional logs for all activity in JOHN DOE's <<EXCHANGE>> account(s), including but not limited to all holding pages, trade confirmations, beginning balance, all trades (whether initiated by JOHN DOE or someone else) or trade orders (whether executed or unexecuted), all date/time stamps for each trade, date/time stamps showing when each trade was filled (as applicable), account balance following each executed trade, the ending balance, and the names and public addresses of all counterparties to each trade.

(d) All documents regarding, reflecting, recording, or memorializing any suspicion or belief held by <<YOUR EXCHANGE>> that the JOHN DOE account at <<YOUR EXCHANGE>> to which the Wallet Address is linked was linked to or associated with any other <<EXCHANGE>> account(s).

(e) Correspondence exchanged by and between <<YOUR EXCHANGE>> and JOHN DOE.

(f) Correspondence exchanged by and between <<YOUR EXCHANGE>> and any third-party concerning or relating to JOHN DOE. NOTE: The requested correspondence is not to include any Suspicious Activity Reports (SARs) filed by <<YOUR EXCHANGE>> with any governmental regulator or other authority, any drafts of such SARs, or any documents that expressly reference any SARs being filed.

(4)     Additionally, once a Recipient Cryptocurrency Exchange has identified the accountholder to whom Plaintiff's stolen funds flowed, the accountholder would be asked via a subpoena pursuant to this Order to provide the following to demonstrate the accountholder is a bona fide purchaser in good faith and not JOHN DOE himself:

All documents and information, including but not limited to: (i) Transactional IDs related to your acquisition of the cryptocurrency in question; and (ii) information in your possession identifying the seller from whom you acquired the tainted cryptocurrency in question -- showing how the cryptocurrency was obtained, from whom the cryptocurrency was obtained, and the payment records for your acquisition of the tainted cryptocurrency.

(5)     To the extent any objection to a discovery request must be ruled upon by the Court, the Court will address the matter as soon as it is feasible to do so and reserves its ability to make adjustments to the deadlines as the Court deems necessary.

(6)     Plaintiff is hereby authorized to serve upon any non-party to this action (by hand-delivery, U.S. Mail, private postal carrier [*e.g.*, FedEx or UPS], electronic mail, or any other adequate method reasonably calculated under the circumstances to afford the non-party an opportunity to present his/her/its response and objections) a subpoena for documents or testimony relating to the issues set forth above.  Due to the exigent nature of the circumstances of this case, any non-party subpoenaed to produce documents shall make his/her/its document production within ten (10) days of the date of his/her/its receipt of the subpoena.

(7)     Furthermore, any privacy interest that Defendant JOHN DOE has concerning the documents and information requested by a non-party subpoena are outweighed by the need to prosecute the theft and conversion alleged in the Complaint in this lawsuit; and those privacy concerns shall not be a just cause for the subpoenaed non-party to withhold such requested documents and information.

(8)     Any non-party subpoena served by Plaintiff under this Order shall bear a message akin to the following:

> **Having been duly advised in the circumstances surrounding this lawsuit and for good cause shown, United States District Judge Dale A. Drozd ruled that, due to the exigent nature of the circumstances of this case, any non-party subpoenaed to produce documents shall make his/her/its document production within ten (10) days of the date of his/her/its receipt of the subpoena.**
>
> **Additionally, Judge Drozd ruled that any privacy interest that Defendant JOHN DOE has concerning the documents and information requested by a non-party subpoena are outweighed by the need to prosecute the theft and conversion alleged in the Complaint in this lawsuit; and those privacy concerns shall not be a just cause for the subpoenaed non-party to withhold such requested documents and information.**

IT IS SO ORDERED.

Dated: _____          _____
                                                  HONORABLE DALE A. DROZD
                                                  UNITED STATES DISTRICT JUDGE