UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA JACOBO,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>        Defendant. | No. 1:22-cv-00672-DAD-BAK (BAM)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY<br><br>(Doc. No. 7) |

This matter is before the court on plaintiff Graciela Jacobo's motion for expedited discovery. (Doc. No. 7.) Defendant John Doe has not yet been identified and has not appeared in this action. Having considered plaintiff's motion[1], and for the reasons that follow, the court will grant in part and deny in part plaintiff's motion for expedited discovery.

---

[1] In its June 7, 2022 order granting a temporary restraining order, this court directed plaintiff to file a motion for expedited discovery. (Doc. No. 6 at 13.) Because the pending motion is closely connected to the temporary restraining order, the undersigned finds it appropriate to also consider and rule upon the pending motion. *See, e.g.*, *ZG TOP Tech. Co. v. Doe*, No. 2:19-cv-00092-RAJ, 2019 WL 917418 (W.D. Wash. Feb. 25, 2019) (a district court ruling on a motion to expedited discovery related to a motion for temporary restraining order in a similar cryptocurrency suit); *Strivelli v. Doe*, No. 3:22-cv-02060-MAS-RLS, 2022 WL 1082638 (D.N.J. Apr. 11, 2022) (same); *SingularDTV, GmbH v. Doe*, No. 1:21-cv-06000-VEC, 2021 WL 3668161 (S.D.N.Y. Aug. 16, 2021) (same). However, pursuant to Local Rule 302(c)(1), all future discovery related motions shall be set before the assigned magistrate judge in this matter.

1

## BACKGROUND

The court previously summarized plaintiff's allegations in its June 7, 2022 order granting her motion for a temporary restraining order. (Doc. No. 6.) The court will refer to its prior order and will not repeat that factual background here. Following the issuance of that order, plaintiff filed the pending motion for expedited discovery, seeking an order authorizing her to conduct expedited discovery upon cryptocurrency exchanges to facilitate the discovery of defendant's legal identity. (Doc. No. 7-1 at 11.)

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 26(d) provides that no discovery can be sought "from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Generally, courts require a showing of good cause to permit expedited discovery. *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008); *Criswell v. Boudreax*, No. 1:20-cv-01048-DAD-SAB, 2020 WL 5235675, at *25 (E.D. Cal. Aug. 31, 2017). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). In determining whether good cause exists, courts consider: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012).

Moreover, district courts in California, applying the test set forth in *Semitool*, have found good cause to authorize expedited discovery to ascertain the identity of a Doe defendant. *See, e.g.*, *AF Holdings LLC v. Doe*, No. 2:12-cv-02207-KJM-DAD, 2012 WL 6608993, at *1 (E.D. Cal. Dec. 18, 2012) (granting leave to conduct expedited discovery to determine the identity of a Doe defendant in a copyright infringement action); *First Time Videos, LLC v. Doe*, No. 2:12-cv-00621-GEB-EFB, 2012 WL 1355725 (E.D. Cal. Apr.18, 2012) (same); *UMG Recordings, Inc. v. Doe*, No. 5:08-cv-03999-RMW, 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008) (same); *Arista*

*Records LLC v. Does 1–43*, No. 3:07-cv-02357-LAB-POR, 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007) (same).  The Ninth Circuit has held that "where the identity of the alleged defendant[ ] [is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (alteration in original) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

To determine whether a plaintiff has established good cause to seek the identity of a Doe defendant through expedited discovery, courts consider the following:

> whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the Court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process.

*ZG TOP Tech. Co. v. Doe*, No. 2:19-cv-00092-RAJ, 2019 WL 917418, at *2 (W.D. Wash. Feb. 25, 2019) (citing *Bodyguard Prods., Inc. v. Doe 1*, 2:17-cv-01647-RSM, 2018 WL 1470873, at *1 (W.D. Wash. Mar. 26, 2018); *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)).

## ANALYSIS

In her pending motion, plaintiff argues that good cause exists to authorize expedited discovery to determine the Doe defendant's legal identity.  (Doc. No. 7-1 at 15.)  Plaintiff contends that the discovery sought is "narrowly drawn and . . . relevant to identifying JOHN DOE and resolving the issues of fact and law the Court must confront[.]"  According to plaintiff, the relevant information is in the readily accessible possession, custody, and control of the non-party cryptocurrency exchanges Binance, FTX, OKX (OKEx), Poloniex, TokenIon, and gate.io (collectively, "the Exchanges"), such that any burden on the Exchanges in responding to the discovery is *de minimis*.  (*Id.*)  In particular, plaintiff seeks to obtain the following discovery from the Exchanges:

/////

    (a) All documents regarding, reflecting, recording, or memorializing account opening and closing, including JOHN DOE's actual legal name, all proofs of identification (such as government-issued photo ID), date of birth, Social Security Number, telephone number, electronic mail address, residential/mailing address, and Know Your Customer ("KYC") and Anti-Money Laundering ("AML") information compiled by <<YOUR EXCHANGE>>.

    (b) All documents regarding, reflecting, recording, or memorializing transactions, funding, registered funding sources (i.e., bank accounts or other sources of funding tied to JOHN DOE's account[s]), and account holdings, including but not limited to transactions into or out of the following wallet address: _____ (the "Wallet Address").

    (c) All transactional logs for all activity in JOHN DOE's <<EXCHANGE>> account(s), including but not limited to all holding pages, trade confirmations, beginning balance, all trades (whether initiated by JOHN DOE or someone else) or trade orders (whether executed or unexecuted), all date/time stamps for each trade, date/time stamps showing when each trade was filled (as applicable), account balance following each executed trade, the ending balance, and the names and public addresses of all counterparties to each trade.

    (d) All documents regarding, reflecting, recording, or memorializing any suspicion or belief held by <<YOUR EXCHANGE>> that the JOHN DOE account at <<YOUR EXCHANGE>> to which the Destination Address is linked was linked to or associated with any other <<EXCHANGE>> account(s).

    (e) Correspondence exchanged by and between <<YOUR EXCHANGE>> and JOHN DOE.

    (f) Correspondence exchanged by and between <<YOUR EXCHANGE>> and any third-party concerning or relating to JOHN DOE. NOTE: The requested correspondence is not to include any Suspicious Activity Reports (SARs) filed by <<YOUR EXCHANGE>> with any governmental regulator or other authority, any drafts of such SARs, or any documents that expressly reference any SARs being filed.

(*Id.* at 11.) Additionally, plaintiff also seeks to conduct discovery upon "the accountholder to whom [p]laintiff's stolen funds flowed" to support any claim that the accountholder is "a *bona fide* purchaser in good faith" and not defendant. (*Id.* at 12.) In doing so, plaintiff would request such accountholders produce the following:

    All documents and information, including but not limited to: (i) Transactional IDs related to the your [sic] acquisition of the cryptocurrency in question; and (ii) information in your possession identifying the seller from whom you acquired the tainted cryptocurrency in question -- showing how the cryptocurrency was

4

obtained, from whom the cryptocurrency was obtained, and the payment records for your acquisition of the tainted cryptocurrency.

(*Id.*)

The court finds that good cause supports plaintiff's request for leave to take expedited discovery to ascertain identifying information with respect to defendant John Doe in order to facilitate service of this action, the temporary restraining order, and plaintiff's anticipated motion for preliminary injunction. Here, plaintiff recounts the use of blockchain analytics to trace the path of her stolen assets and identified a number of cryptocurrency wallet addresses ("Destination Addresses") at the Exchanges to which her assets have been transferred without her consent:

| Exchange | Destination Address | Asset Type | Funds under claim[2] |
|---|---|---|---|
| Binance | 43ecaea7f78fe65f83646a864b2c73349793ddfe | USDT | 45,730.26604 |
| Binance | 5cccacf95cd5df55d95e3864af4551de094784c2 | USDT | 222,583.588 |
| Binance | 8f44af4f841ffd7db201e81f8deb66e6eea99c06 | USDT | 45,543.36493 |
| Binance | bff9f1d0d9156feb7b3182102d4ac226b9c2c44c | USDT | 95,118.95336 |
| Binance | c7e185922f923c438fc29b92309153816ba17498 | USDT | 4,082.182561 |
|  |  | TOTAL | 413,058.3549 USDT |

| Exchange | Destination Address | Asset Type | Funds under claim |
|---|---|---|---|
| FTX | 456fc7ea0b17b51e08a861af94e13f1dceba1db9 | USDT | 83,856.95211 |
|  |  | TOTAL | 83,856.95211 USDT |

| Exchange | Destination Address | Asset Type | Funds under claim |
|---|---|---|---|
| OKX (OKEx) | 64452a2f3af318d86d947ba33beadfe39456ed3a | USDT | 272,540.4773 |

---

[2] Plaintiff represents that the value of the funds located in each of the destination addresses listed in this order were calculated using an "average confirmed with five tracing methodologies" and are listed in units of Tether ("USDT"), a cryptocurrency hosted on the Ethereum and Bitcoin blockchains that was designed so that each coin would be worth one U.S. dollar. (Doc. No. 7-1 at 6 n.1, 6–7.)

| Exchange | Destination Address | Asset Type | Funds under claim |
|---|---|---|---|
| | | TOTAL | **272,540.4773 USDT** |

| Exchange | Destination Address | Asset Type | Funds under claim |
|---|---|---|---|
| **Poloniex** | ee861cfb2a34eb5e73ccd92fce9e4b3b6a37a2db | USDT | 72,386.28453 |
| | | TOTAL | **72,386.28453 USDT** |

| Exchange | Destination Address | Asset Type | Funds under claim |
|---|---|---|---|
| **TokenIon** | 8d90113a1e286a5ab3e496fbd1853f265e5913c6 | USDT | 230,153.7314 |
| | | TOTAL | **230,153.7314 USDT** |

| Exchange | Destination Address | Asset Type | Funds under claim |
|---|---|---|---|
| **gate.io** | 29084a44f69510471e41a91f37ee59c088e71804 | USDT | 46,782.12103 |
| | | TOTAL | **46,782.12103 USDT** |

(Doc. No. 7-1 at 6–7); *see ZG TOP Tech. Co.*, 2019 WL 917418 at *2 (plaintiffs must recount steps taken to identify defendant to demonstrate good cause for expedited recovery). The conversations between defendant, plaintiff, and plaintiff's son indicate that John Doe's identity as the account holder is likely already known or ascertainable. (*Id.* at 6–7); *see ZG TOP Tech. Co.*, 2019 WL 917418 at *2 (courts consider whether plaintiff identifies the Doe defendant with sufficient specificity). Furthermore, as this court concluded in its June 7, 2022 order issuing a temporary restraining order, plaintiff has shown that she is likely to succeed on the merits of her claims brought in this action and in so doing she has also "demonstrated that the action can withstand a motion to dismiss." S*ee ZG TOP Tech. Co.*, 2019 WL 917418 at *2. The court also finds that plaintiff's request seeking identifying information related to the Doe defendant is reasonably likely to lead to the production of information that will permit plaintiff to serve process. *See Semitool*, 208 F.R.D. at 277 (granting expedited discovery where the narrowly tailored requests would "substantially contribute to moving this case forward"). Accordingly, the court will grant plaintiff's request for expedited discovery directed to the above-listed

cryptocurrency exchanges to obtain identifying information about the Doe defendant. Upon service of a Rule 45 subpoena to the Exchanges, defendant or the Exchanges will have an opportunity to raise objections through a motion to quash in which they could attempt to demonstrate to the court that prejudice to them outweighs plaintiff's need for the information sought.

However, the court does not find that plaintiff has narrowly tailored all of her proposed discovery requests to the cryptocurrency exchanges or provided good cause for the authorizing of expedited discovery beyond certain specific identifying information about the Doe defendant. In particular, plaintiff's proposed discovery requests for documents and information regarding transactions involving the Destination Addresses and communication with defendant and any non-party accountholder of the Destination addresses "seek affirmative relief from this [c]ourt that is the subject of this lawsuit, and go well beyond the request for expedited discovery." *See ZG TOP Tech. Co.* 2019 WL 917418 at *3. Plaintiff cites no authority that supports authorization by the court of such discovery at this early stage of this litigation, and the court declines to permit such substantive discovery aimed beyond the scope of identifying the Doe defendant. Similarly, the court sees no reason for the proposed scope of the expedited discovery plaintiff seeks to include defendant's social security number, since there has been no showing that this information is necessary to "obtain defendant's identity" or to ascertain "a physical and/or electronic address at which defendant can be given notice of the claims asserted against him in this lawsuit." (*See* Doc. No. 6 at 13.) Accordingly, authorization of these discovery requests on an expedited basis will be denied.

## CONCLUSION

For the foregoing reasons, the court grants in part and denies in part plaintiff's motion for expedited discovery (Doc. No. 7) as follows:

1. Plaintiff's motion for expedited discovery (Doc. No. 7) is granted to the extent that it seeks expedited discovery from the cryptocurrency exchanges listed below. Plaintiff may immediately serve a Rule 45 subpoena on the below cryptocurrency exchanges seeking the following information about the owner of the listed

Destination Addresses (defendant John Doe): legal name, street address, telephone number, and e-mail address. It may not include defendant's social security number. A copy of this order shall be attached to the subpoena.

| Exchange | Destination Address |
|---|---|
| Binance | 43ecaea7f78fe65f83646a864b2c73349793ddfe |
| Binance | 5cccacf95cd5df55d95e3864af4551de094784c2 |
| Binance | 8f44af4f841ffd7db201e81f8deb66e6eea99c06 |
| Binance | bff9f1d0d9156feb7b3182102d4ac226b9c2c44c |
| Binance | c7e185922f923c438fc29b92309153816ba17498 |
| Exchange | Destination Address |
| FTX | 456fc7ea0b17b51e08a861af94e13f1dceba1db9 |
| Exchange | Destination Address |
| OKX (OKEx) | 64452a2f3af318d86d947ba33beadfe39456ed3a |
| Exchange | Destination Address |
| Poloniex | ee861cfb2a34eb5e73ccd92fce9e4b3b6a37a2db |
| Exchange | Destination Address |
| TokenIon | 8d90113a1e286a5ab3e496fbd1853f265e5913c6 |
| Exchange | Destination Address |
| gate.io | 29084a44f69510471e41a91f37ee59c088e71804 |

a. If a cryptocurrency exchange is served with a subpoena authorized by this order, it shall serve a copy of the subpoena and a copy of this order to the defendant and any other affected user as soon as possible after service of the subpoena. The cryptocurrency exchange may serve the user using any reasonable means, including written notice sent to the user's last known address, transmitted either by first-class mail or via overnight service. The cryptocurrency exchange shall provide plaintiff with the date when such notice was provided to any affected user.

b. The cryptocurrency exchanges and any affected user shall have fourteen (14) days from the respective date of service of the subpoena upon them to object to the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(2)(B).

      c. The cryptocurrency exchanges shall not disclose the defendant's identifying information, or such information for any other affected user, during the 14-day period or if a timely objection is served unless and until the Court orders it to do so.

      d. If an objection is served, the cryptocurrency exchanges shall preserve any material responsive to the subpoena for a period of no less than ninety (90) days in order to allow plaintiff to move for an order compelling production under Federal Rule of Civil Procedure 45(d)(2)(B)(i).

      e. If no objection is served, the cryptocurrency exchanges shall comply with the subpoena within ten (10) days unless an objection to the subpoena will be filed within 14 days of its service.

2. Plaintiff's motion for expedited discovery (Doc. No. 7) is denied as to all her other proposed discovery requests.

IT IS SO ORDERED.

Dated: **June 9, 2022**

                                          UNITED STATES DISTRICT JUDGE